UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|   |   |   |
|---|---|---|
| IN RE: PETER DEMCAK, ET AL | ) ) ) ) ) ) | Case No. 2:17-mc-00269-NT |

**GOVERNMENT'S RESPONSE TO MOVANTS'
EMERGENCY MOTION TO QUASH SUBPOENAS**

Now comes the United States of America, by its undersigned attorneys and respectfully submits this response motion to Movants' Emergency Motion to Quash Subpoenas.[1]

**BACKGROUND**

Movants, Peter Demcak, Jaroslav Hornof, Damir Kordic, and Lucas Zak, were crewmembers aboard the MV MARGUERITA when it arrived in the port of Portland, Maine, on July 7, 2017. Movants each provided testimony before the Grand Jury regarding criminal conduct that occurred aboard the vessel. On August 22, 2017, the owners and operators of the MV MARGUERITA were indicted for violating the Act to Prevent Pollution from Ships, 33 U.S.C. §1908(a), and obstruction of justice, 18 U.S.C. §1519. Following the defendants' arraignment, the matter was initially set for the court's November 2017 trial term.

During the course of the government's investigation, the Movants were designated as material witnesses and the government requested that they remain within the United States until

---

[1] Movants make many assertions that are not germane to the matter now before the Court. Although many of these assertions are legally and factually incorrect, the government has not responded due to the expedited briefing schedule. However, if the Court would find it helpful, the government will submit supplemental responses or additional briefings as needed.

trial.[2] Over the government's objection, the Hon. Magistrate Judge John H. Rich III ordered that the movants be deposed and that they be released from the material witness warrants following completion of the depositions.

The movants were deposed between September 11 and 12, 2017. On September 14, 2017, the government personally served the Movants with trial subpoenas. The subpoenas directed them to appear as witnesses for trial in the District of Maine on November 6, 2017.[3]

On September 14, 2017, the Hon. Magistrate Judge Rich dismissed the material witness warrants. During a hearing on the matter, the Movants' orally moved to quash the trial subpoenas served on September 14, 2017. This motion was denied by the court.

On October 16, 2017, the defendants' moved to continue the trial date and the pre-trial motions deadline. On October 19, 2017, the Court granted the defendants' motion to continue and continued the trial date to the January 8, 2018. Thereafter, the government advised Movants' counsel of the new trial date and noted that the September 14, 2017, subpoenas remained applicable.

Movants now seek to quash subpoenas for a trial that is speculative, and for which the Government has not sought to compel compliance.

---

[2] As part of a surety agreement executed by the U.S. Coast Guard and the defendants in this matter, the Movants were entitled to receive their full salaries, per diem, lodging, and health care while they were in the United States as witnesses. The defendants agreed to pay for these costs as part of their agreement with the U.S. Coast Guard.

[3] Although the Movants have been deposed pursuant to Fed. R. Crim. P. 15, that testimony can only be admitted at a further proceeding if the witness is deemed "unavailable" as set forth at Rule 804(a) of the Federal Rules of Evidence. *See Ohio v. Roberts*, 488 U.S. 56, 65 (1980); *United States v. Mann*, 590 F.2d 361 (1st Cir. 1978); *United States v. Huang*, 827 F. Supp. 945 (S.D.N.Y. 1993). Rule 804(a)(5) provides that a witness is unavailable if the witness is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Thus, the government has the burden to show that it sought the Movants' attendance in order to use their depositions at trial. Serving the Movants with trial subpoenas and communicating with their counsel regarding future trial dates is a necessity.

## ANALYSIS

### I. Movants' trial subpoenas are not unreasonable or oppressive.

Like a subpoena *duces tecum*, a subpoena *ad testificandum* may be quashed only if the movant demonstrates that compliance would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2); S*tern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000) ("courts routinely have entertained motions seeking such relief [to a subpoena *ad testificandum*] and decided them by reference to comparable principles"); *United States v. Santistevan*, No. 11–cr–00406–CMA, 2012 WL 2875949 (D. Co., July 12, 2012) ("The standard is basically the same for subpoenas compelling the attendance of witnesses . . . "). Furthermore, "a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." S*tern*, 214 F.3d at 17 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

Here, the Movants' testimony is highly relevant and material to the substance of the case as each witness either participated in, or has knowledge of, the overboard discharges of oil from the MV MARGUERITA. The Movants provide no legal support for their assertion that a subpoena *ad testificandum* served on witnesses who hold relevant and material information is "unreasonable and oppressive." The government has similarly found no decisions reaching this conclusion. Accordingly, because the subpoenas *ad testificandum* are directed to witnesses who possess relevant and material information, the Movants' motion to quash should be denied.

### II. Movants' motion is unripe.

Movants' propose hypothetical conflicts that could arise as a result of the subpoenas. None of those problems actually exist. Further, the date for compliance with the subpoena has not occurred. The government has not sought to compel compliance with the subpoenas. There is no

finding of contempt against the Movants by the Court. The instant motion is a paper tiger that presents no real or current controversy for the Court to resolve. It is not ripe for consideration.

The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Stern*, 214 F.3d at 10 (quotation and citation omitted). A two-part test for ripeness is applied: 1) are the facts sufficiently developed to allow for judicial review; and, 2) does "the challenged action create a direct and immediate dilemma for the parties." *Id.*. This test "is concerned with whether the issues sought to be adjudicated are contingent on future events <u>or may never occur</u>." *American Savings Bank, FSB v. UBS Financial Services, Inc.*, 347 F.3d 436, 439 (2nd Cir., 2003) (quotation and citation omitted, emphasis added).

Movants complain of a subpoena for a trial that is speculative.[4] The vast majority of criminal matters are resolved absent trial. According to the Administrative Office of the United States Courts, "[m]ore than 90 percent of defendants plead guilty rather than go to trial."[5] Should the parties resolve this matter through the entry of a guilty plea, the Movants will not need to appear for trial.

If a trial is required in this case, the government will not know what dates the Movants' will be needed until trial is imminent. Although trial is currently set for the January 2018 term, it

---

[4] A subpoena creates a continuing obligation to appear, regardless of the date set forth on the document. *See In re Grand Jury Witness*, 835 F.2d 437, 441 (2nd Cir. 1987) ("For over half a century it has been established law that unless a subpoena is vacated upon proper application, the person whom it directs to appear must "respond to the subpoena and [must] remain in attendance until excused by the court or by the Government's representatives.") (quoting *Blackmer v. United States*, 284 U.S. 421 (1932)); *Shulton, Inc. v. Optel Corp.*, No. 89–0211–CIV, 126 F.R.D. 80, 81 (S.D. Fla., Feb. 17, 1989) (same). In practice, subpoenas require witnesses to appear even when the matter is continued past the original date of the subpoena. *Comm-Tract Corp. v. Northern Telecom, Inc.*, 168 F.R.D. 4 (D. Mass. 1996) (trial subpoena remained valid even though the actual trial date was three months following the date indicated on the subpoena).

[5] United States Courts, *Criminal Cases* (available online at http://www.uscourts.gov/about-federal-courts/types-cases/criminal-cases), last viewed November 6, 2017.

is unknown what specific days that month the trial will be held. Further, the current trial date may well be continued to a later term as a result of the filing and litigation of the defendants' pre-trial motions. With the possibility of trial continuances sought by one or both parties, rulings that could change the nature or scope of the charges, and the practical impact of other matters on the Court's calendar, this matter may not proceed to trial in the immediate future. Thus, any hardship to the Movants is wholly speculative without knowing when the trial will occur or when the Movants will need to appear.

Movants argue that it is "vital to their livelihoods that they be at liberty to sign contracts to return to sea . . . and [the Movants] cannot reasonably sign such contracts if they are under an obligation to leave vessels at sea to appear in the United States as trial witnesses." Motn. at 1. This claimed hardship does not necessitate quashing the trial subpoenas in this matter. First, the Movants' offer nothing to demonstrate they have been denied work because of the possibility of a trial in this matter.[6] Second, the defendants agreed as part of their Surety Agreement with the U.S. Coast Guard that they would pay for the costs associated with the Movants' appearance at trial. Thus, their travel to the United States would be at no cost to any future employer. Third, all witnesses face potential work or travel conflicts that are routinely resolved or accommodated should they be asked to appear to testify at a trial. Without more, the threat of a conflict does not necessitate quashing subpoenas for witnesses who otherwise possess relevant testimony.

Combined, it is impossible to know whether a trial will occur, when it will occur, or whether the Movants' will face a hardship if they are asked to appear as witnesses at that time.

---

[6] Previously, the Movants' expressed a desire to leave the United States so they could return to work with the defendant, MST. Most of the crewmembers aboard the MV MARGUERITA had time remaining on their contracts, and had worked multiple previous contracts for MST. However, it appears that MST either terminated the Movants' employment contracts, or refused to renew them, following their departure from the United States. Thus, the Movants are unemployed at present.

Without an immediate dilemma, there is no actual controversy to resolve at present. Such a controversy will not arise unless and until a concrete trial date is set and the witnesses have an actual conflict or objection to returning to the district for trial.

The government respectfully submits that the trial subpoenas at issue are neither unreasonable nor oppressive, and considering the speculative nature of the current trial date, the matter is not ripe for review. Accordingly, the Movants' motion should be denied.

Date: November 8, 2017

                                  HALSEY B. FRANK
                                UNITED STATES ATTORNEY

                                JEFFREY H. WOOD
                                ACTING ASSISTANT ATTORNEY GENERAL
                                United States Department of Justice
                                Environment and Natural Resources Division

Date:   November 8, 2017        */s Shane N. Waller*
                                Shane N. Waller
                                Trial Attorney, Environmental Crimes Section
                                601 D St. NW
                                Washington, DC 20009
                                (202) 305-0362
                                shane.waller@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing Response to Movants' Emergency Motion to Quash Subpoenas, with the Clerk of Court, and provided notice to counsel for Movants by sending the response electronically to:

Edward S. MacColl
Email: emaccoll@thomport.com

And counsel for the defendants by sending the response electronically to:

George Michael Chalos
Email: gmc@chaloslaw.com

Peter Rodway
Email: rodlaw@maine.rr.com


Date:  November 8, 2017

*/s Shane N. Waller*
Shane N. Waller
Environmental Crimes Section
United States Dept. of Justice